May it please the Court, my name is Saul Huerta of the Office of the Federal Public Defender for the District of Arizona and I represent Mr. Medina-Beltran. The first issue that we appealed was the government's failure to move for an extra level for acceptance of responsibility pursuant to Section 3E1.1B of the United States Census Guidelines. Now it's our position that that motion should be made whenever a defendant makes a timely concession of guilt which allows the government not to have to prepare for trial and additionally, as is in the guideline and in the commentary, it allows the court to efficiently handle its resources by not scheduling any trial hearings or anything of the sort. I believe that the case of Wade does help us in that regard, because in that case and that involved a separate section, it talked about arbitrariness. When the government does not do something for an arbitrary reason and if the government does not make this move for a reason not related to the reason for the guideline, it is an arbitrary reason, meaning the government have very good reasons for not moving for it for legitimate purposes for the party, for the government. Well, you don't have any authority to say they have to, is that correct? That's correct, Your Honor. I guess it wouldn't have to, but Well, let me ask you this. Would you agree that contesting the failure to file a motion for a third-point downward departure and challenging the 16-level enhancement forced the government to respond to your client's sentencing memorandum? It did, Your Honor, yes. So they had to do some work. Yes, Your Honor. The guideline doesn't speak about the government having to do work. It speaks about the government preparing for trial and the court having to use its resources for a trial, and none of that happened here because Mr. Benita Beltran, within a month of his arraignment, had advised the government that they would not have to prepare for a trial. He was willing to plead guilty as soon as possible, and that's, I think, where there's a bit of divergence, and I guess I'll get into Spinoza-Connery. Well, to prevail on this, do you have to show that the government had some sort of improper motive in not filing the motion for the third point? Your Honor, I think we just have to show that it was an arbitrary reason that they did not move for it. All right. But if you further look at that, does that have to be some sort of improper motive, or did you introduce any evidence of an improper motive? I did not, Your Honor. The government — well, let me rephrase that. I did introduce that the reason for not moving for it was improper because it was not based on the guideline in the commentary, meaning the reason they did not move for it had nothing to do with preparing for trial. It had to do with them having to prepare for sentencing and having to fight an appeal. Those are legitimate interests. The government has a legitimate interest through its attorneys to try to avoid all of that work. Any party would want to avoid all of that work. But this guideline doesn't connect with that. They're not connected. There's no reason for us to connect it all together. And I think that's one of the things that's lost when you look at Espinosa-Cano. They do connect it all together, and I think that kind of — it gets rid of that legitimate reason. Do you think that the test is similar to the test for the government's failure to ask for a reduction for substantial assistance? Is that what the Wade case talked about? Yes, Your Honor. And I apologize. I did fail to mention — I did fail to cite to a case that was cited in Wade, and that was New Orleans v. Dukes. And it's a Supreme Court case. I can do a Rule 28J letter on it. The site is 427 U.S. 297. And on page 304, they talk about — that had — it's a separate item altogether, but it talked about a statute that was found to pass rational basis review — excuse me, a civil ordinance that passed rational basis review, because the reason for the passing of the ordinance was related — excuse me, what happened because it was passed was the — sorry, I messed that up altogether. They passed an ordinance, and there was a rational connection between that ordinance and their goal. They passed this guideline. There's a rational connection between the passing of this guideline and the government saying we will not move for this extra level because, as in Espinal Zacano, the defendant filed motions, went to trial. That's rational. It's related. Mr. Medina Beltran says I will plead guilty, and the government chooses not to move based on that. Those are not related. I'm not saying that — But we would be — because he proceeded with his appeal, if we were to rule in your favor, we would be creating a circuit split with United States v. Newsom, wouldn't we, where they basically said that the proceeding with the appeal is exactly the rational basis that you're alluding to? And, Your Honor, I understand that. In looking at this, though, I think if you do not separate the two, if you do not have a connection between the guideline and the reason, you're creating — I guess the best example I can come up with is if someone comes and pleads guilty the first day that they come to court, would they be denied the third level for acceptance because the government wants them to sign an appeal waiver? Could there be a more timely guilty plea than showing up to court the first day saying I understand exactly what's here, I brought my attorney, I'm pleading guilty, I'm guilty of the offense? It's — I just — it's something that doesn't relate, and that's why it looks so strange. You're not claiming there's an unconstitutional motive here, are you? You're just claiming that it's arbitrary by refusing to ask for this because your client was going to take an appeal. Is that what it is? Yes, Your Honor, because there is no legitimate reason for them to request it now if they had had to prepare for trial, even in the most simple sense, you know, if — then obviously that would be a different case, but in a case where they had to do nothing to prepare for trial, the court did not have to prepare for a trial either, and the person has done all the things that they are required to do, I understand we can't force the government to make the adjustment, but then it's beholden, underweight for the court to make the adjustment. And I think the big difference that you see sometimes is, you know, with substantial assistance, you're talking about how many levels, what exactly was done. It's more — it's harder to figure out. It's harder to kind of pin down. This is a very simple thing. Did he plead guilty? Did the government have to prepare at all for trial? And the answer in both is that he did plead guilty. Well, factually here, he rejected a plea bargain, though, right? He decided to plead guilty on his own terms, correct? That's correct, Your Honor. Yeah, he did not extend the case by doing that. He did not think about the plea agreement. He simply said, I do not want the plea agreement, but I do want to plead guilty because I am guilty of this offense. And so, like I said, if you have this, you know, a person who pleads basically as quickly as you can in the procedural system that we have in Arizona, and they are not given this third level, then it's no longer a level for acceptance or responsibility or for fulfilling these requirements. It's a level for whenever the government feels like giving it because the government could say, you know, we want you to be, you know, located in this facility, and if you don't agree to a location in this facility instead of another facility within the Bureau, we won't give you the third level. The government might have a legitimate interest for that. I can't come up with what it would be, but the government could say, well, we want him there. And he says, no, I'd like to be somewhere else because my family is there. Well, he just says it's a level for acceptance or responsibility. I guess if you don't have the connection between the two, I think it's improper, and I think improper in that sense that it's not legitimately related, and I think that then the court is required to properly do the guidelines. Do you want to save the remaining time for rebuttal?  Thank you, Your Honor. May it please the Court. Angela Woolridge appearing on behalf of the United States. The sentence in this case should be affirmed. The district court properly declined to award the defendant the third point for acceptance of responsibility pursuant to Section 3.1.1b when the government had not moved for that reduction. And the government's reason for doing so was not arbitrary or unconstitutional. And the defendant has made no such showing otherwise. Therefore, the district court lacked the authority to give the defendant the third point reduction. This Court's decision in Espinoza-Cano is on point in controlling as to this issue. It doesn't really have anything to do with this. I mean, in that case, they had a stipulated bench trial, right? That is correct, Your Honor. Right. So there you could go to the guideline and it says, thereby permitting the government to avoid preparing for trial. Well, they still had to go to trial and prepare for trial. Here, they didn't have to do that. And it doesn't say anything about sentencing. I mean, every time you plead guilty, you still have to have a sentence, presumably. So I'm not sure how your case fits in the strict confines of the guideline. Well, the guideline states to avoid preparing for trial and permitting the government to allocate its resources effectively. And I think that the defendant that the guideline recognizes that just because a defendant may not go to trial does not necessarily mean that it's permitting the court and the government to allocate its resources effectively. But you don't have to prepare for trial if a person pleads guilty. That is correct. However, as in many of these illegal immigration cases, there are allocations of resources that expand far beyond going to trial, especially when you consider these cases are generally, factually and legally, very simple cases that at most may take a one-and-a-half-day trial with two witnesses versus the resources that must be expended on appeal, and also preparing for sentencing, especially given the fact that the government has to allocate its resources effectively. If we were to take your argument seriously, you would never have this reduction, because the person pleads guilty, so there's no trial, but there's going to be a sentence. So basically, this thing, this would be useless. But they may not challenge their sentence. So essentially, what you want to say is as long as they plead guilty to exactly the sentence that we're willing to go along with, then we don't have to allocate any resources. As a prosecutor, you already have a lot of power. The court does have some. It gets to have a little bit of say about what the sentence is going to be. You get to certainly recommend, or you get to pick charges, or you get to do things along those lines. But the way that you're explaining it seems a little bit like a power grab in the sense that if a defendant doesn't do, not only does the defendant, he's pleading guilty, throwing himself on the mercy of the court, but he has to agree to everything that you say initially. And the plea agreement that was offered in this case, and it is typically offered in these cases, is not to an exact sentence. In fact, they include various ranges, depending on criminal history category, correct offense level. However, it does include the admission of the prior offense, and that's what separates a case where the defendant chooses to plead and not accept an agreement and not admit their prior offense, because then the government is forced to proceed and defend against any challenge to that sentence, for instance, any challenge of the characterization of his prior felony as an aggravated felony and the correct criminal offense level pursuant to the enhancement. And this case shows that that was at issue in this case, because the defendant did not admit. So that's one way in which the government can allocate its resources effectively when a defendant does not choose to enter into a plea agreement that provides for certain ranges of sentences, but admits to the prior aggravated felony. And your best case, the Newsom case out of the Fifth Circuit, or is there better authority out of the Ninth? Well, the Newsom case is directly on point in that it does deal with the issue of appeal, and directly with 3E1.1b, providing for the government to allocate its resources effectively dealing with the appeal, and as mentioned earlier, to grant the defendant's appeal in this case would be to cause a circuit split with the Fifth Circuit given the Newsom case. However the circuit ruled on this so far? I'm sorry? Has any other circuit ruled on this so far? Newsom cites to several other circuits, I believe the Tenth, the First, the Sixth, and the Eighth, that have also addressed those issues, and just as this Court did in Espinoza-Cano stated, state that another way the government must, may be forced to expend its resources would be on appeal. And interestingly, this Court in Espinoza-Cano did equate bench trial with an outright guilty plea, and stated even if we were to consider this an outright guilty plea, the government still would have the same issues as far as expenditure of resources in responding to and defending an appeal. And so I think this Court already has addressed this issue and found in Espinoza-Cano that it is proper if the government were to withhold the third point. That's not an arbitrary reason. It's not an unconstitutional reason. But it's a reason that's legitimately tied to a legitimate government interest. And the court's... What would be an example of an arbitrary reason or an unconstitutional reason?  If the defendant were to plead guilty and waive his right to appeal, however, were to request a sentence at the low end of the range when the government thought a high end of the range sentence would be appropriate, or were... Say that again? So if the defendant says, I'd like the low end, the government says, I'd like the high end, and then you have to go in and argue why he's a little bit badder than he thinks, that would still be arbitrary on your part. Well, isn't... I mean, if the defendant were to enter into an agreement where that range was contemplated and then the government were to think, well, we don't like what you're asking for, even though it's within our agreement, I think that would be an arbitrary motive. See, I guess it's a little... When it's so hard to think of what's arbitrary, then it's... Is this an illusory standard? That's, I guess, the whole thing. I mean, unconstitutional, I can... You know, if he said, well, you don't get it because you're Mexican or you don't get it because you're a woman or, you know, things along those lines, I think we could, you know, we could spot those. And the defendant hasn't shown and hasn't even alleged that he's being treated any differently or in any arbitrary manner, really, than any other similarly situated defendants in these type of cases. See, I think if this were another case, the example that you just gave of arbitrary, you would say that was okay. I mean, arbitrary to me would be more like everyone else gets the same deal and then that person doesn't, or, you know, that you base how you decide, you know, who gets the deal on something that's unreasonable. But the example that you gave, I don't see it as being that dissimilar from what you're arguing is okay here. I think the difference would be, and perhaps it was a bad example, Your Honor, but when you have an agreement that the parties have stipulated to and the defendant is, you know, waiving the right to appeal, the defendant is not challenging the sentence, but then the government were to say, even though you've saved us all these resources in taking the agreement and waiving the right to appeal and waiving the right to challenge your sentence, you're asking, and even though the sentence you're asking for is covered by the agreement, it's not the same one that we want, so therefore we're not going to move for that third point. I think that would be the difference, because in that case they would not have a legitimate purpose that was tied to the savings of the resources, what the government does in this case, because the government is then forced to expend its resources as it is upon appeal, as it is into any challenge at sentencing to include a sentencing enhancement. And that is a legitimate government purpose, as this Court has recognized in the Marcial Gonzales case, where you have districts with high volumes of immigration cases. The set the ---- I suppose it wouldn't be unconstitutional, but if the U.S. attorney were ticked off at the Federal defender for trying to force certain kind of guilty pleas and deciding in effect to take a stand, that might be arbitrary and capricious and unrelated, for example. If it was for ---- for instance, if the government didn't offer the same agreements to the Federal Defender's Office or to certain defendants that were represented by certain attorneys or something like that, I see that I'm out of time. I'm not sure if the ---- Well, you don't want to go too far, because I think you're going to hear that argument next when that is not offered, is offered to some defendants and not others. Your time is up. Just briefly, Mr. Medina-Beltran did not fight the prior offense as being an aggravated felony. It was an Almendarez-Torres issue that came up with the judge. So he never fought that at any time. What did he contest, precisely? The magistrate wanted us to agree to the prior offense as part of the factual basis, and I objected because it wasn't on the indictment, and then he had me brief it. So that had nothing to do with Mr. Medina-Beltran at all. Well, but he didn't. But he didn't. He did challenge the prior offense. Not that it's an aggravated felony, Your Honor. But just on a different ground. Yeah. We challenged under, I believe it's Sanchez-Rodriguez and other cases, that it's not the type of aggravated felony under back before the graduated guidelines. You could get reduced. But the prosecution would still have to prove that, right? As a sentencing enhancement, yes. Okay. Yes. Just not as an element of the offense. And, Your Honor, there really are no arbitrary reasons except for the unconstitutional ones. If you think about the, Your Honor's example, Judge McKeon, that might be a nonconstitutional motive because you're interfering with that attorney for whatever reason that you don't want to give those offers to. But let's say that attorney, for whatever reason, is a real thorn in the side of the government, but it's not an unconstitutional motive. Would the attorneys for the government have a legitimate reason to treat those, to treat that attorney basically through his clients that way? Well, the government does have a legitimate reason. It has a legitimate reason because it's not an unconstitutional reason. Well, you don't allege that in this case, though, do you? No. No. No. You're not a thorn in anyone's side. Oh. I won't comment on that. No. The answer is no. No. Your time is up. Thank you, both counsel, for your arguments this morning. Thank you, Your Honor. The case of the United States v. Beltran is submitted.
judges: McKeown, Callahan, Siler